**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| State Farm Fire & Casualty Insurance Company,<br><br>Plaintiff,<br>v.<br><br>Island Realty, Inc., Susan Paish, Lance Paish, Tonya Kurtz, and Mark Kurtz,<br><br>Defendants. | Case No. 2:25-cv-13401-RMG<br><br>**ORDER AND OPINION** |

This matter is before the Court on Defendant Island Realty, Inc.'s Motion to Stay Proceedings. (Dkt. No. 29). For the reasons set forth below, the Court grants the motion.

## I. Background

This case arises out of an insurance dispute. Defendants Susan Paish and Lance Paish ("Paishes") own a home at 1413 Wellesley Circle in Mount Pleasant, SC ("Property"). (Dkt. No. 1-1). The Paishes retained Island Realty, Inc. to manage the Property, and the Kurtzes rented the Property. The Property is insured by State Farm Fire & Casualty Insurance Company ("State Farm") pursuant to a Rental Dwelling Insurance Policy ("Policy") issued to the Paishes, under which Island Realty is also an insured. (Dkt. No. 1-3). The Policy includes a Fungus (Including Mold) Exclusion Endorsement. (*Id.*).

On July 23, 2024, the Kurtzes filed a complaint against Island Realty and the Paishes. (Dkt. No. 1-1) ("Underlying Action"). The Kurtzes bring the following causes of action against Island Realty and the Paishes, collectively: (1) negligence, negligence per se, and reckless conduct against; (2) negligence/respondeat superior; (3) negligent misrepresentation; (4) fraudulent misrepresentations/fraud; (5) violation of the Unfair and Deceptive Trade Practice Act; and (6)

loss of consortium. (*Id.*). Specifically, the Kurtzes claim that Island Realty and the Paishes failed to properly maintain and/or repair known leaks and water intrusion in the Property. (*Id.*). The Kurtzes allege that this caused them to be exposed to mold, which permanently injured their health and well-being. (*Id.*). State Farm is currently defending Island Realty and the Paishes with relation to the Underlying Action under a full reservation of rights. (Dkt. No. 1 at 4).

On November 14, 2025, State Farm brought this insurance coverage action to obtain a judicial declaration declaring the Policy precludes coverage for the claims asserted in the Underlying Lawsuit and that it is not obligated to defend or indemnify Defendants Island Realty, the Paishes, and the Kurtzes (collectively, "Defendants") with respect to the Underlying Action. (Dkt. No. 1).

On August 24, 2026, Island Realty with the consent of State Farm and the Paishes moved to stay this case pending the outcome of the Underlying Action. (Dkt. No. 29). The Kurtzes filed their response objecting to any stay. (Dkt. No. 30). This matter is fully briefed and ripe for adjudication.

## II. Legal Standard

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Maryland v. Universal Elections, Inc.,* No. 12–1791, 2013 WL 3871006, at *7 (4th Cir. July 29, 2013) (quoting *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936)). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis,* 299 U.S. at 254–255 (citations omitted). In addition, "the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.,* 515 U.S. 277, 286 (1995). Given this permissive language, the Supreme Court held in *Brillhart v. Excess Ins. Co. of Am.,* 316 U.S. 491 (1942), and later in *Wilton,* that a district court's substantial discretion permits

it to stay or dismiss an action seeking a declaratory judgment in favor of an ongoing state court case. *See Brillhart,* 316 U.S. at 494–95; *Wilton,* 515 U.S. at 288. This discretion, however, is not unfettered.

District courts must also take into account "considerations of federalism, efficiency, and comity" whenever a parallel proceeding is pending in state court. *United Capitol Ins. Co. v. Kapiloff,* 155 F.3d 488, 493–94 (4th Cir. 1998) (citing *Nautilus Ins. Co. v. Winchester Homes, Inc.,* 15 F.3d 371, 376 (4th Cir. 1994)). To aid district courts in balancing the state and federal interests when a parallel state action is pending, four factors have been articulated for consideration: (1) whether the state has a strong interest in having the issues decided in its courts; (2) whether the state courts could resolve the issues more efficiently than the federal courts; (3) whether the presence of "overlapping issues of fact or law" might create unnecessary "entanglement" between the state and federal courts; and (4) whether the federal action is mere "procedural fencing," in the sense that the action is merely the product of forum-shopping. *Id.* (citing *Nautilus,* 15 F.3d at 377). These factors are commonly called the "*Nautilus* factors," after the Fourth Circuit's opinion in *Nautilus Ins. Co. v. Winchester Homes, Inc.,* 15 F.3d 371, 376 (4th Cir. 1994).

## III. Discussion

Island Realty seeks to stay discovery and trial on State Farm's duty to defendant and duty to indemnify until after resolution of the Underlying Lawsuits. Island Realty argues the *Nautilus* factors weigh in favor of staying this action. (Dkt. No. 29). Additionally, it argues that none of the parties will be prejudiced by a stay. (*Id.*). The Kurtzes oppose Island Realty's motion to stay, asserting that since State Farm is not a party to the Underlying Action the coverage issue will not be heard in that case and thus will not be more efficiently resolved. (Dkt. No. 30). Additionally, they argue that there is no risk entanglement between state and federal court. (*Id.*).

The Court finds that the *Nautilus* factors weight in favor of a stay. First, South Carolina law governs the insurance matters in this action; therefore, the State of South Carolina has an interest in having such matters decided in its courts. *See Auto-Owners Ins. Co. v. Essex Homes Se., Inc.*, No. 3:14-cv-02164, 2014 WL 4748689, at *3 (D.S.C. Sept. 23, 2014) (granting motion to stay under *Nautilus* factors, finding that South Carolina had a "strong interest" in "matters involving insurance policies and issues related to coverage governed by South Carolina law"). Second, it would be more efficient to resolve the various factual issues raised in this case in the state trial court, where the Underlying Action is already pending. Third, and most importantly, "[t]here is a potential for unnecessary entanglement between the instant declaratory judgment action and the underlying lawsuit because in order to make the coverage determinations [Insurer] seeks in this declaratory judgment action, this Court would have to make several findings of fact concerning what damage occurred and when, findings which are also principally at issue in the underlying suit." *Id.*; *Auto-Owners Ins. Co. v. Retreat at Edisto, LLC*, No. 2:11-cv-0611, 2011 WL 3841418, at *2 (D.S.C. Aug. 29, 2011) (weighing the *Nautilus* factors and dismissing the declaratory judgment action considering the pending underlying action in state court); *Harleysville Mut. Ins. Co. v. Cambridge Bldg. Corp.*, No. 9:04-cv-23412-23, 2006 WL 2038302, at *6 (D.S.C. July 19, 2006) (finding "interests of federalism, efficiency, and comity" supported abstention "because the factual questions presented in the state court actions may be substantially intertwined with a resolution of the insurance coverage issues presented in this federal declaratory judgment action") (citation and quotation marks omitted). Further, this Court's findings could have a "preclusive effect" on the underlying actions. *See, e.g., Essex Homes Se., Inc.*, 2014 WL 478689, at *3; *Harleysville Mut. Ins. Co.*, 2006 WL 2038302, at *5.

Accordingly, most of the *Nautilus* factors clearly weigh in favor of the Court declining to declare the parties' rights in this case. Additionally, the duty to defend issue is somewhat moot since State Farm is defending the Paishes and Island Realty in the Underlying Action, subject to a reservation of rights. Since the main issue that remains to be determined in this declaratory judgment action is the issue of Plaintiff's duty to indemnify, the Court hereby stays this action pending resolution of the underlying state action. *See Owners Ins. Co. v. Charleston Glass & Mirror, Inc.*, No. 2:14-CV-3649-RMG, 2015 WL 13817537, *7 (D.S.C. Oct. 7, 2015) (analyzing the *Nautilus* factor in a similar case and finding that a stay of the indemnity issue pending resolution of the underlying state actions appropriate).

## IV. Conclusion

Thus, for the aforementioned reasons Island Realty's Motion to Stay (Dkt. No. 29) is **GRANTED**. This matter is **STAYED** pending resolution of the Underlying Action. In addition, the parties are **ORDERED** to file a joint status update on the Underlying Action in three (3) months from the date of this Order, and every three (3) months thereafter until the resolution of the Underlying Action. In this regard, the parties should also advise the Court if something dispositive occurs in the Underlying Action.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

September 30, 2026
Charleston, South Carolina